# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MURPHY'S ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FINELINE INDUSTRIES, INC., a California Corporation, FINELINE INDUSTRIES, LLC, a California Limited Liability Corporation, and FINELINE INDUSTRIES, LLC, a Florida Limited Liability Company, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 1:18-cv-0488-AWI-MJS <br><br> **ORDER CONCLUDING THAT REMAND IS APPROPRIATE AND REQUIRING DEFENDANTS TO SUBMIT EVIDENCE OF COSTS AND EXPENSES INCURRED BY APRIL 19, 2018** |

Plaintiff, Mike Murphy's Enterprises, Inc. ("Plaintiff"), filed this breach of contract action in California state court in the county of Merced on June 6, 2016. The action arises from an alleged non-payment of royalties by Fineline Industries, Inc., and Fineline Industries LLC, California and Florida Corporations, ("Defendants"), under a license agreement regarding a patent held by Plaintiff. This action proceeded before that court for roughly two years. On March 9, 2018, the trial judge assigned to the state court action found pursuant to *Gunn v. Minton*, 568 U.S. 251 (2013), that some evidence proffered by Plaintiff in the underlying action touched on issues "intrinsically intertwined" with questions of patent scope and validity over which the state

1

1  court would not exercise jurisdiction. Doc. 34 at 3-6.[1] On that basis, the trial judge excluded (1)
2  expert testimony from two of Plaintiff's experts who sought to offer opinions regarding "patent
3  law, patent validity analysis, and patent opinions" and (2) any "evidence related to patent scope,
4  validity, infringement, or damages." Doc. 34 at 3-4. Reconsideration of that order was sought
5  and, on April 5, 2018, denied. Doc. 6-3 at 87-88.

6      On April 9, 2018, Plaintiff removed this action to this Court. Defendants move to
7  remand. Plaintiff explains that it did not allege a claim for patent infringement in its complaint[2]
8  and Defendants did not raise defenses challenging the underlying validity of the patent at issue in
9  their answer. Doc. 1 at 2; *see* Docs. 1-1 (complaint), 1-4 (answer), 1-5 (same). Plaintiff further
10 acknowledges that diversity jurisdiction does not exist. Plaintiff contends that no basis for federal
11 jurisdiction exists, acknowledges that the time for removal has passed, and acknowledges that, in
12 any event, the Federal Rules of Civil Procedure do not permit a *plaintiff* to remove an action to
13 federal court. Yet, Plaintiff removed the action to this Court and asks "that the United States
14 Code be amended to allow such." Doc. 1 at 3. For the following reasons, Defendants will be
15 permitted to submit evidence supporting an award of costs and expenses incurred as a result of
16 Plaintiff's clearly erroneous removal this action will be remanded. Below are three of the many
17 reasons that Plaintiff's removal is inappropriate.

18     First, a plaintiff cannot remove an action to federal court. 28 U.S.C. § 1441(a); *Am. Int'l*
19 *Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The
20 right to remove a state court case to federal court is clearly limited to defendants.") This reason
21 alone is sufficient to remand the action.

22     Second, removal premised upon federal question jurisdiction must take place within
23 thirty days of a defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). Plaintiff's

---

[1] The Court takes judicial notice of the state court orders lodged in this Court's docket. *See* Fed R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[2] In fact, Plaintiff contends in its removal papers that it "cannot plead patent infringement as there is no basis for such as there was a license in place." Doc. 1 at 2. That representation is appears to be contrary to the allegations of Plaintiff's first amended complaint filed in this Court before District Judge Lawrence J. O'Neill. *See Mike Murphy's Enterprises, Inc. v. Fineline Industries, LLC*, 16-cv-784-LJO-SAB, Doc. 15 at 18 (E.D. Cal. Sept. 1, 2016) (alleging a claim for direct patent infringement).

attempted removal took place nearly two years after filing of the state court action. Even if the removal was otherwise appropriate—it isn't—the removal is untimely.

Third, Plaintiff contends that this Court is without subject matter jurisdiction over the matter. Although the Court is not bound by Plaintiff's representation in determining its own jurisdiction, the Court notes that Plaintiff's representations falls well short in meeting its obligation to articulate a short and plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a). Indeed, Plaintiff affirmatively pleads that the action is not removable.

For those, and many more reasons that the Court does not reach, this action will be remanded.[3]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). No reasonable basis for removal existed— Plaintiff was not the proper party to seek removal, Plaintiff contends that subject matter jurisdiction is lacking, and Plaintiff's removal was untimely (to name a few glaring reasons why this action is not removable). Defendants are directed to submit evidence by April 19, 2018, detailing any costs and expenses incurred in responding to Plaintiff's erroneous removal. On that date, this action shall be remanded and an award of costs and expenses granted.

IT IS SO ORDERED.

Dated:   April 16, 2018                    _____
                                           SENIOR DISTRICT JUDGE

---

[3] Plaintiff asks the Court to amend the United States Code to permit removal. Plaintiff must know that the Court lacks the power to do what Plaintiff asks. There is no arguable basis in support of such a request.

3