# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MURPHY'S ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FINELINE INDUSTRIES, INC., a California Corporation, FINELINE INDUSTRIES, LLC, a California Limited Liability Corporation, and FINELINE INDUSTRIES, LLC, a Florida Limited Liability Company, and DOES 1 through 100, inclusive, <br><br> Defendants. | **CASE NO. 1:18-cv-0488-AWI-EPG** <br><br> **ORDER DENYING RECONSIDERATION (Doc. 8)** <br><br> **ORDER REMANDING THE ACTION AND GRANTING IN PART EXPENSES AND COSTS (Doc. 6)** <br><br> **ORDER DENYING MOTION TO STRIKE (Docs. 10, 11)** |

## I. Introduction

Plaintiff, Mike Murphy's Enterprises, Inc. ("Plaintiff"), filed this breach of contract action in California state court in the county of Merced on June 6, 2016. The action arises from an alleged non-payment of royalties by Fineline Industries, Inc., and Fineline Industries LLC, California and Florida Corporations, ("Defendants"), under a license agreement regarding a patent held by Plaintiff. This action proceeded before that court for roughly two years. On April 9, 2018, Plaintiff removed this action to this Court. On April 16, 2018, this Court concluded that remand was appropriate and that Plaintiff should bear Defendants' expenses and costs incurred as a result of the objectively unreasonable removal. The Court further directed Defendants to

1

submit evidence of the costs incurred in defending the removal.

Plaintiff seeks reconsideration of the Court's order. Defendants have submitted a request for attorney fees and evidence responsive to the Court's order. Plaintiff moves to strike Defendants' responsive submission. For the following reasons, Plaintiff's motion for reconsideration will be denied, Defendants' motion to remand will be granted, Defendants request for costs and expenses will be granted in part, and Plaintiff's motion to strike will be denied.

**II. Defendant's Motion to Remand and Plaintiff's Motion for Reconsideration**

This Court's prior order found that remand was appropriate. Doc. 7. Plaintiff suggests that this Court's prior order is "based on blatant misunderstanding and/or confusing of the facts in the request for removal." Doc. 8 at 1. Plaintiff explains the dividing line between its breach of contract and patent infringement claims. Plaintiff licensed a patent to Defendants and Defendants failed to pay required royalties—that is Plaintiff's breach of contract claim. At some point "the license was cancelled" yet Defendants continue to use the patented technology—that is Plaintiff's patent infringement claim. The line that Plaintiff draws is and was well understood by the Court.

Plaintiff continues by explaining that the claims alleged in the state and federal action are separate "and seek different damages and relief." Doc. 8 at 2. Again, the Court agrees that the claims are separate.

Plaintiff further contends that "before the cancellation [of the license agreement] there was no federal subject matter jurisdiction as it was simply a breach of contract claim." Doc. 8 at 2. There the Court disagrees. Insofar as the district could ever exercise subject matter jurisdiction over Plaintiff's breach of contract claim—a question that this Court need not resolve—it could exercise such jurisdiction from the time the claim accrued. The state court's determination that it lacked jurisdiction to hear a particular type of evidence that Plaintiff intended to proffer (or perhaps that it could not proceed further in the action at all), pursuant to *Gunn v. Minton*, 568 U.S. 251, 258 (2013), does not define the parameters of this Court's jurisdiction. This Court either always had jurisdiction over Plaintiff's claim or never did; the state court's determination

is of no jurisdictional significance for this Court's exercise of subject matter jurisdiction over Plaintiff's breach of contract claim. Moreover, the state court did not hold that it was suddenly divested of jurisdiction over Plaintiff's breach of contract claim—it held that it could not admit "any evidence … related to patent scope, validity, infringement, or damages because [it] has no jurisdiction over issues pertaining to patent law." The state court's in limine ruling was not, as Plaintiff suggests, a triggering event which reset the time for removal.[1]

To be clear, this Court has not determined whether or not it could exercise jurisdiction over Plaintiff's purportedly federalized state law claim for breach of contract claim in light of *Gunn*. The Court's prior order made clear that removal was independently inappropriate for at least three reasons: (1) a plaintiff cannot remove an action to federal court, (2) removal based on federal question jurisdiction must take place within 30 days of a defendant's receipt of the initial pleading, and (3) Plaintiff failed to articulate a short and plain statement of the jurisdictional grounds for removal. Doc. 7 at 2-3. Plaintiff has presented nothing to undermine any of those conclusions.

Insofar as Plaintiff suggests that *Gunn* anticipated that a plaintiff in Plaintiff's situation should be permitted to remove, Plaintiff is wrong. For that proposition, Plaintiff quotes the following language from *Gunn*: "As for more novel questions of patent law that may arise for the first time in a state court 'case within a case,'[2] they will at some point be decided by a federal court in the context of an actual patent case, with review in the Federal Circuit." *Gunn*, 568 U.S. at 262. Almost directly contrary to Plaintiff's reading, the United States Supreme Court actually explained that allowing state court actions with embedded patent law issues to proceed will not "undermine 'the development of a uniform body of patent law,'" *Gunn*, 568 U.S. at 261, because "at some point … a federal court [will decide the issue] in the context of an actual patent case…." The Supreme Court was far from suggesting that all of the "case within a case" situations that it described should be removable.

---

[1] Indeed, 28 U.S.C. § 1446(b)(3) makes clear that notice of removal must be filed within 30 days after a defendant receives a "pleading, motion, order or other paper from which it may be ascertained that the case is removable."

[2] In *Gunn*, the "case within a case" that the Supreme Court discusses is a legal malpractice claim where the underlying action (therefore the malpractice action) involved patent litigation.

Next, Plaintiff takes issue with this Court finding that remand is appropriate without first having granted a hearing "or due process." Doc. 8 at 3. District courts are permitted to remand actions *sua sponte* for lack of jurisdiction but not based on procedural defects. *E.g.*, *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Non-jurisdictional defects in removal are subject to wavier. *Smith*, 761 F.3d at 1045. Thus, if a party opposing removal does not address a non-jurisdictional defect within the requisite period, the Court should not remand. In this instance, Defendants made clear that they did not waive the procedural defects in removal. Between Plaintiff's notice of removal and Defendants' motion to remand, the Court is convinced that the procedural defects identified cannot be cured and no additional briefing is necessary. *See also W.H. Breshears, Inc. v. Delaware North Companies Parks and Resort at Yosemite, Inc.,* 2016 WL 7010501, *6-7 (E.D. Cal. Nov. 30, 2016) (remanding the action without holding a hearing or requiring full briefing). Moreover, Plaintiff's motion for reconsideration presents no basis for departure from the court's prior ruling.

### III. Request for Attorney Fees and Motion to Strike

The Court's prior order also found that Plaintiff should be required to pay just costs and actual expenses that Defendants incurred as a result of removal in the absence of any objectively reasonable basis for seeking such removal. *See* Doc. 7 at 3. Plaintiff contends that requiring payment of costs and expenses is unfair because Plaintiff merely followed "the order of the Superior Court denying subject matter jurisdiction," Doc. 8 at 3, and was "UP FRONT about ALL the reasons why the traditional removal WOULD NOT WORK and requested this court to rule for a change in the law," Doc. 8 at 2. First, even assuming the state court's order indicated that the state court was without jurisdiction over Plaintiff's breach of contract claim,[3] the state court certainly did not indicate that removal was appropriate. Second, although Plaintiff's candor regarding the ineligibility of the action for removal by Plaintiff is appreciated (and required by Rule 11), Plaintiff presented no non-frivolous argument for why the Court should permit

---

[3] The state court's motion in limine only indicates that it granted Defendants' motion to exclude patent-related evidence. Doc. 1-6. It does not refuse to exercise jurisdiction over Plaintiff's breach of contract claim.

removal. If for no other reason, Plaintiff should have known that a plaintiff cannot remove an action to federal court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105-109 (1941); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("The removal statute … is quite clear that only a 'defendant' may remove the action to federal court."); *accord MB Financial, N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012) (describing an attempted removal as "worse than unreasonable… [and] preposterous" where, *inter alia*, the plaintiff was the removing party and the removal took place more than 30 days after commencement of suit). Plaintiff further should have known that it is well beyond this Court's power to "amend" the United States Code or to interpret it in a manner clearly inconsistent with its plain language and the reading of the United States Supreme Court and the Ninth Circuit Court of Appeals. Requiring Plaintiff to pay Defendants just costs and actual expenses is appropriate.

      Defendants submitted a declaration outlining the attorney fees incurred responding to Plaintiff's erroneous removal. Defendants seek $9,692.50 in attorney fees for 36.20 hours at hourly rates ranging from $250.00 to $325.00 per hour. The Court considers the reasonableness of counsel's hourly rates and the number of the hours expended.

      A district court is required to determine a reasonable rate for the services provided by examining the prevailing rates in the community, charged by "lawyers of reasonably comparable skill, experience, and reputation." *Sanchez v. Frito Lay*, 2015 WL 4662535, *17 (E.D. Cal. Aug. 5, 2016) (quoting *Cotton v. City of Eureka*, 889 F.Supp.2d 1154, 1167 (N.D. Cal 2012)). "The 'relevant community' for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds." *Sanchez*, 2015 WL 4662535, *17 (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997)); *accord Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). When a case is filed in the Fresno Division of the Eastern District of California, the hourly rate is compared against attorneys practicing in the Fresno Division of the Eastern District of California. *See Munoz v. Giumarra Vineyards Corp.*, 2017 WL 2665075, * 17 (E.D. Cal. June 21, 2017); *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009). In the Fresno Division of the Eastern District, the hourly rate for competent and experienced attorneys is between $250 and $400, "with the highest rates generally reserved for those attorneys who are regarded as

competent and reputable and who possess in excess of 20 years of experience." *Silvester v. Harris*, 2014 WL 7239371, *4 (E.D. Cal. Dec. 17, 2014) (collecting cases); *see Archer v. Gibson*, 2015 WL 9473409, *13–14 n. 6 (E.D. Cal. Dec. 28, 2015) ("A current reasonable range of attorneys' fees, depending on the attorney's experience and expertise, is between $250 and $400 per hour, and $300 is the upper range for competent attorneys with approximately 10 years of experience.")

Matthew W. Quall, Esq. was admitted to practice in California in 1996 and has extensive experience in civil litigation. Declaration of Matthew W. Quall, Doc. 9 ("Quall Decl.") at ¶¶ 4(b), 4(c). The requested hourly rate of $325.00 for Mr. Quall is reasonable when compared against other attorneys of comparable experience practicing in the Fresno Division of the Eastern District of California. John M. Cardot, Esq. was admitted to practice in California in 1991 and has litigated approximately 10 court trials, among other things. Quall Decl. at ¶¶ 4(g), 4(h). The requested hourly rate of $300.00 for Mr. Cardot is reasonable when compared against other attorneys of comparable experience practicing in the Fresno Division of the Eastern District of California. Finally, Matthew R. Dardenne was admitted to practice in California in 2011 and has experience in commercial litigation, employment litigation, and intellectual property disputes. Quall Decl. at ¶¶ 4(k), 4(l). The requested hourly rate of $250.00 for Mr. Dardenne is reasonable when compared against other attorneys of comparable experience practicing in the Fresno Division of the Eastern District of California.

Defendants have submitted billing records indicating that 36.2 hours were spent engaged in researching, drafting, reviewing, and discussing filing of a motion to remand. Plaintiff disputes whether those hours were reasonably spent, instead suggesting that a motion to remand "could easily be drafted in 1-2 hours at most." Doc. 11 at 5.[4] A reasonable number of hours lies between the two parties' positions.

No court in this district has found that expenditure of more than 25 hours on a motion to remand is appropriate. *See Sign Designs, Inc. v. Johnson United, Inc.*, 2011 WL 1549396, *4

---

[4] Although styled as a motion to strike, Plaintiff's submission addresses the underlying merits of the action, reargues that reliance on *Gunn* for removal was reasonable, and disputes (essentially line by line) Defendants' attorney fee request. *See* Doc. 11. The Court has considers the arguments made in conducting the following discussion.

(E.D. Cal. Apr. 21, 2011) (awarding fees for nearly 25 hours of attorney work to file a motion to remand); *Mecchi v. Hallquist*, 2017 WL 2180479, *2-3 (E.D. Cal. May 18, 2017) (awarding $2,625.00 for a motion to remand at $250.00 per hour, accounting for 10.5 hours of attorney work); *W.H. Breshears, Inc.*, 2016 WL 7010501 at *6-7 ("12 hours (consisting of writing, research, and client communication) to prepare the remand motion is reasonable."); *Lowndes v. Regis Corporation*, 2016 WL 5456406, *6 (E.D. Cal. Sept. 29, 2016) (awarding fees for 7 hours of attorney work to file a motion to remand); *Rodriguez v. City of Fresno*, 2016 WL 1138188, *5 (E.D. Cal. Mar. 23, 2016) (reducing a requested 35.7 hours in attorney fees for a motion to remand and supporting documents to 6 hours); *cf. Villegas v. CSW Contractors, Inc.*, 2017 WL 6311668 (E.D. Cal. Dec. 11, 2017) (seeking compensation for 9 hours in attorney fees incurred as a result of wrongful removal); *Wiegand v. National Enterprise Systems, Inc.*, 2017 WL 4037635, *4 (E.D. Cal. Sept. 13, 2017) (seeking $2,704.50 in attorney fees, costs, and expenses incurred as a result of wrongful removal). In fact, counsel in similar actions have spent as little as five hours drafting and filing such a motion. *Koreen v. Tahoe Joe's, Inc*., 2009 WL 4030954, *2 (E.D. Cal. Nov. 18, 2009).

In light of the circumstances of this case, it is reasonable for one partner to have reviewed the notice for removal for one hour; it is reasonable for one associate to have drafted a motion to remand and accompanying documents for twelve hours; and it is reasonable for a partner to have reviewed and revised that motion for two hours. In sum, a reasonable attorney fees for Defendants' filing in this action are three hours at a rate of $325.00 per hour and twelve hours at a rate of $250.00 per hour for a total of $3,975.00. That figure is consistent with fee awards in similar actions in this district on this issue. That figure shall be awarded.

///

///

///

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to remand (Doc. 6) is GRANTED;
2. Plaintiff's motion for reconsideration (Doc. 8) is DENIED;
3. Defendants' request for payment of attorney fees is GRANTED in part. Counsel for Plaintiff is REQUIRED to forward a check in the amount of $3,975.00 to Defendants' counsel within 21 days of the date of this Order to compensate Defendants for reasonable attorney fees incurred as a result of the erroneous removal;
4. Plaintiff's motion to strike (Docs. 10, 11) is DENIED.

The clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: __April 19, 2018__

_____
SENIOR DISTRICT JUDGE